Opinion by
Hurt, J.
§ 500. Community estate; liability of sureties on community bond; extent of; property inherited by children *446 does not discharge bond, unless it is actually received by them. Rachel Graham died, leaving her husband, Elijah Graham, and six children surviving her. Elijah Graham qualified as administrator of the community estate* of himself and wife, by giving bond, etc. The community estate amounted in value to the sum of $1,575. He died thereafter, leaving an estate valued at $1,555, and was not indebted. This suit was brought by three of the children, Lula J. Carter, joined by her husband, and Jeff and Mollie Graham, against appelleesj the sureties upon their father’s community bond, to recover their interest in their deceased mother’s community estate, said interest being one-fourth of the whole. At the time of their father’s death, these three children were minors, aged as follows: Jeff twelve years, Lula eleven years, and Mollie eight years. They never received any part of their mother’s estate, and never received anything from their father’s estate, except the sum of $60, which was received by Jeff and Lula. Upon this state of facts the court charged the jury, that if they believed from the evidence “that Elijah Graham, at his death, left sufficient property in the possession of the plaintiffs to satisfy their interest, and at said time he was not in debt, and that the plaintiffs were residing with him at the time of his death, you will find for the defendants.” Held: There was no evidence that the property was left in the possession of these minor children. On the contrary, the evidence shows that they never received any of it except the $60 above mentioned. This charge was intended, and was evidently understood by the jury, to authorize a verdict for. defendants, if they believed from the evidence that there was property of equal value to their interest in the community estate of their mother, left by their father at his death, whether they ever actually received the same or not. This view of the law is erroneous. The terms of the community bond are that “ Elijah Graham shall pay over one-half of the property to such person or persons as may be entitled to receive the same.” The death of *447 Graham, leaving an estate sufficient to satisfy the bond, is not a payment to them of their interest, such as will discharge the bond. Pertinent and applicable to the question in this case are the principles announced in Yancy v. Batte, 48 Tex. 58. In that casé suit was instituted by the children of the wife for their mother’s interest in community property sold by their father after her death. The defendant pleaded that the plaintiffs had inherited from their father assets in excess of their interest in the community property. It was held that “the responsibility of the children is to be measured, not by the amount of the ancestor’s estate which vested in them, but by the amount actually received by them.” So, in this case, to make good the defense set up by the sureties, it was incumbent upon them to show that the plaintiffs received the property, and this was not shown by proof that they had inherited it merely. The charge given by the court was erroneous, and doubtless caused the jury to find for the defendants.
December 6, 1884.
Eeversed and remanded.